IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,                          ORDER

      v.                                     10-cr-134-wmc-3

VICTOR ERNEST TREJO,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Victor Ernest Trejo's probation was held on April 9, 2015, before U.S. District Judge William M. Conley. The government appeared by Assistant U. S. Attorney Peter M. Jarosz. The defendant was present in person and by counsel Reed Cornia. Also present was Senior U.S. Probation Officer Traci L. Jacobs.

## FACTS

From the record, I make the following findings of fact.

The defendant was sentenced in the Western District of Wisconsin on April 12, 2011, following his conviction for possessing, concealing and storing a stolen motor vehicle that had crossed a state boundary after having been stolen, in violation of 18 U.S.C. §§ 2313 and 2. This offense is a Class C felony. The defendant was placed on probation for a term of three years. The defendant began his term of probation on April 12, 2011.

On March 3, 2014, a judicial review hearing was held to address the defendant's failure to provide requested financial information, failure to pay restitution as ordered, and failure to submit monthly supervision reports as directed. An alternative to revocation was

implemented extending the defendant's probation for one year. He was ordered to pay $150 toward his restitution arrears by the end of the business day; provide copies of all of his credit card statements to his supervising probation officer by March 7, 2014; fill out the monthly supervision report and deliver it to his probation officer by March 7, 2014; get copies of all of his pay stubs and deliver them to his probation officer by March 10, 2014; and update his financial disclosure form and deliver it to his probation officer by March 12, 2014.

As to the revocation matters currently before the Court, the defendant violated the financial condition of his probation requiring him to submit nominal restitution payments of a minimum of $150 per month when he failed to submit restitution payments from October through December 2014, and in January and February 2015.

The defendant also violated Special Condition No. 2 requiring him to provide all requested financial information when he failed to turn in expenditure receipts for May through August 2014. In January 2015, the defendant turned in only partial receipts for September through December 2014. He further violated this condition by failing to provide credit card statements after March 7, 2014.

The defendant also violated Special Condition No. 4 requiring him to refrain from opening additional lines of credit when on April 4, 2014, he purchased and registered a 2000 Ford F350 truck, incurring an additional $400-a-month revolving payment, without prior authorization from his supervising probation officer.

Finally, the defendant violated Special Condition No. 5 prohibiting him from transferring, giving away, selling, or otherwise conveying any asset worth more than $100 without the approval of the supervising probation officer. On August 25, 2013, he reported

that he had "junked" his GMC Savana van for $300. On December 21, 2014, he reported that he had scrapped his 1982 Chevrolet P30 motor home for between $200 and $250. The defendant did not have authorization to dispose of either of these assets.

The defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the Court may revoke probation, extend the term of probation, or modify the conditions of supervision upon a finding of a Grade C violation.

## CONCLUSIONS

The defendant's violations are technical in nature, but his conduct summarized above demonstrates irresponsibility at best. At worst, his failure to comply with court-ordered conditions, which were clearly defined for him in open court on two prior occasions, demonstrates contempt.

The defendant's criminal history category is I. With a Grade C violation, the defendant would ordinarily be subject to an advisory guideline term of imprisonment of three to nine months. The defendant's original offense was a Class C felony; therefore, the statutory maximum term of imprisonment he may receive if probation is revoked is ten years.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I will postpone the revocation proceedings in this case for 60 days. In order to hold the defendant accountable for his actions, he is to pay the outstanding $1,050, which he owes toward his restitution obligation as previously ordered, no later than June 11, 2015. If the $1,050 is paid by June 11, 2015, the defendant's term of probation will be discharged and the U.S. Attorney's Office - Financial Ligation Unit will assume collection responsibility

3

for the outstanding joint and several restitution obligation. If the $1,050 is not paid by June 11, 2015, the violations will be further addressed by the Court, which could result in the revocation of his supervision.

## ORDER

It is ORDERED that the period of probation imposed on defendant on April 12, 2011, is CONTINUED until June 11, 2015 at 1:00 p.m. The mandatory conditions of supervision are that were imposed on April 12, 2011, shall remain in effect.

All standard and special conditions shall be suspended for the next 60 days.

Entered this 9th day of April, 2015.

BY THE COURT:

WILLIAM M. CONLEY
U.S. District Judge